Dewey, J.
The plaintiff was not, by reason of his being the father-in-law of these minors, for whose support he seeks to recover compensation of their guardian, bound to maintain them at his own expense, but might claim to be reimbursed therefor out of the estate of the minors.
*588 The only question is as to the form in which his legal remedy is to be pursued. He has resorted to an action of assumpsit, to recover of the defendant, as upon an implied assumpsit for their maintenance and support. This he clearly cannot do. The only remedy against the guardian, who neglects his duty in discharging the proper debts of the ward, or claims for necessaries furnished for the ward, is an action on the probate bond. This general subject, as to the mode of proceeding to enforce payment of debts and liabilities of one under guardianship, was fully considered in the case of Conant v. Kendall, 21 Pick. 36, and the result to. which the court came was, that an action would lie upon the probate bond of the guardian, in case the guardian neglected to apply the property of the ward to the payment of his debts. Whether the debt is first to be ascertained by a judgment against the ward, before instituting suit on the probate bond, seems to be left an open question in the case referred to.

Judgment for the defendamt.